[Cite as *Bank of New York Mellon v. Blouse*, 2013-Ohio-4537.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | : | CASE NO. CA2013-02-002 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>10/14/2013 |
| - vs - | : | |
| | : | |
| ERNEST L. BLOUSE, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 11CVE00405

Reisenfeld & Associates, LPA LLC, Matthew A. Taulbee, 3962 Red Bank Road, Cincinnati, Ohio 45227, for plaintiff-appellee

Ernes L. Blouse and Cathryn D. Blouse, 1551 Harold Road, Jeffersonville, Ohio 43128, defendants-appellants, pro se

**M. POWELL, J.**

{¶ 1}   Defendants-appellants, Ernest L. Blouse and Cathryn D. Blouse, appeal a decision of the Fayette County Court of Common Pleas granting summary judgment and a decree of foreclosure in favor of plaintiff-appellee, Bank of New York Mellon.  For the reasons stated below, we affirm the judgment of foreclosure.

{¶ 2}   On December 21, 1999, the Blouses executed a promissory note in favor of Full Spectrum Lending, in the principal amount of $35,000 to purchase a home in Jeffersonville,

Ohio. The note was secured by a mortgage on the property. Subsequently, the note and mortgage were transferred multiple times. In 1999, the note and mortgage were sold to Countrywide. Thereafter, in October 2001, Countrywide transferred its interest in the note and mortgage to Bank of New York. Later, in 2006, Countrywide purchased the note and mortgage from Bank of New York. Finally in August 2011, Countrywide sold the note and mortgage to the current plaintiff-appellee in this case, Bank of New York Mellon.

{¶ 3} Bank of New York Mellon filed a foreclosure complaint against the Blouses on October 4, 2011. Subsequently, Bank of New York Mellon moved for summary judgment. In support of its summary judgment motion, Bank of New York Mellon attached copies of the originally executed note and mortgage between the Blouses and Full Spectrum Lending. Bank of New York Mellon also attached an allonge to the note, which was indorsed in blank, and assignment of the mortgage from Countrywide to Bank of New York Mellon. On January 3, 2013, the trial court granted summary judgment and a decree of foreclosure in favor of Bank of New York Mellon.

{¶ 4} The Blouses now appeal the trial court's grant of summary judgment in favor of Bank of New York Mellon. The Blouses did not specifically state an assignment of error in their brief, but they challenge the grant of summary judgment on the sole basis that Bank of New York Mellon did not have standing to bring the foreclosure action and was not the real party in interest. The Blouses maintain that Bank of New York Mellon did not have standing and it was not the real party in interest as it did not produce the "agency agreement" showing its counsel's authority to file suit on behalf of the bank.

{¶ 5} "Standing is a preliminary inquiry that must be made before a trial court may consider the merits of a legal claim." *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 9. As standing is a question of law, our review is de novo. *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 13.

- 2 -

{¶ 6} Standing is "'[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004). Standing involves a determination of whether a party has alleged a personal stake in the outcome of the controversy. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 21. A personal stake requires injury caused by the defendant that has some remedy in law or equity. *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 18.

{¶ 7} A court lacks jurisdiction to consider the merits of a legal claim unless a plaintiff establishes standing to sue. *Schwartzwald* at ¶ 22. As standing is jurisdictional in nature, it may be raised at any time in the proceedings. *Id.*

{¶ 8} Recently, in *Schwartzwald*, the Ohio Supreme Court addressed standing issues in the context of a foreclosure action. The Court determined that the plaintiff lacked standing to invoke the jurisdiction of the common pleas court because "it failed to establish an interest in the note or mortgage at the time it filed suit." *Id.* at ¶ 28. The court held that "a lack of standing at the outset of litigation cannot [subsequently] be cured by receipt of an assignment of the claim or by substitution of the real party in interest" pursuant to Civ.R. 17(A). *Id.* at ¶ 41.

{¶ 9} A person entitled to enforce an instrument includes "the holder of the instrument." R.C. 1303.31(A)(1). If the instrument is payable to bearer, then the person in possession of the instrument is the holder of the instrument. R.C. 1301.01(T)(1)(a).[1] "When an instrument is indorsed in blank, the instrument becomes payable to bearer." R.C.

---

1. R.C. 1301.01 was repealed by Am.H.B. No. 9, 2011 Ohio Laws File 9, effective June 29, 2011. That act amended the provisions of R.C. 1301.01 and renumbered that section so that it now appears at R.C. 1301.201. Because R.C. 1301.201 only applies to transactions entered on or after June 29, 2011, we apply R.C. 1301.01 to this appeal.

1303.25(B). A "blank indorsement" is an indorsement that is made by the holder of the instrument that does not identify the person to whom the instrument is payable. *Id.*

**{¶ 10}** The Blouses also argue that Bank of New York Mellon is not the real party in interest. Civ.R. 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." "A real party in interest is one who can discharge the claim upon which the suit is brought * * * [or] is the party who, by substantive law, possessed the right to be enforced." *BAC Home Loans Servicing, L.P. v. Hall*, 12th Dist. Warren No. CA2009-10-135, 2010-Ohio-3472, ¶ 14. In a foreclosure action, the real party in interest is the entity that is the current holder of the note and mortgage. *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 9. As *Schwartzwald* recognized, the "real-party-in-interest rule concerns only proper party joinder. Civ.R. 17(A) does not address standing." *Schwartzwald* at ¶ 33. Therefore, while standing must be established at the commencement of the action, the proper party may be substituted or joined in the suit for purposes of Civ.R. 17(A) for a reasonable time after objection for ratification of commencement of the action. *Id.* at ¶ 31; Civ.R. 17(A).

**{¶ 11}** Bank of New York Mellon was the real party in interest and had standing to sue at the time the complaint was filed. In its complaint, Bank of New York Mellon alleged it was the holder of a note executed by the Blouses and it was entitled to enforce the note. Bank of New York Mellon also alleged that the note was secured by a mortgage which it was entitled to foreclose. Bank of New York Mellon attached to its complaint copies of the original promissory note and mortgage executed by the Blouses and Full Spectrum Lending. The promissory note contained an allonge which contained indorsements from Full Spectrum Lending to Countrywide. Countrywide then indorsed the allonge to the note in blank. Therefore, Bank of New York Mellon produced evidence that at the time of the complaint, it was the current holder of the note as it was in possession of the note and the allonge

indorsed in blank.

{¶ 12} Additionally, attached to the complaint was an assignment of the mortgage to Bank of New York Mellon from its predecessor in interest, Countrywide. Blouses did not challenge any prior link in the assignment of the mortgage, as such assignments were detailed in the preliminary judicial report filed in the trial court, or the manner in which Bank of New York Mellon established the chain of assignments. Based upon the foregoing, Bank of New York Mellon demonstrated that it held the note and mortgage at the time it commenced this foreclosure action, and therefore established its standing to maintain this action.

{¶ 13} Further, we disagree with the Blouses' contention that Bank of New York Mellon did not establish standing because it failed to produce evidence that its counsel had the authority to represent it in the foreclosure proceedings. The Blouses point to no law and we have found none to support their argument that a party must produce evidence regarding counsel's authority to represent it for standing purposes. *See Franklin Real Estate Co. v. Forrest*, 4th Dist. Vinton No. 369, 1979 WL 206866, *2 (Oct. 12, 1979) (entry of appearance by an attorney is presumptive evidence of authority); *Payton v. Rehberg*, 119 Ohio App.3d 183, 190 (8th Dist.1997).

{¶ 14} Based on the foregoing, Bank of New York Mellon demonstrated it had standing to sue and it was the real party in interest in this case when it filed suit. Because we find that there is no merit to the Blouses' standing argument and they have not otherwise set forth a challenge to the court's grant of summary judgment, we find the trial court did not err in granting summary judgment in favor of Bank of New York Mellon.

{¶ 15} The Blouses' assignment of error is overruled.

{¶ 16} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.