[Cite as *Nix v. Williams Family Partnership, Ltd.*, 2013-Ohio-5208.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| NANCY NIX, TREASURER, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-05-076 |
| - vs - | : | O P I N I O N<br>11/25/2013 |
| WILLIAMS FAMILY<br>PARTNERSHIP, LTD., | : | |
| | : | |
| Defendant-Appellant, | : | |
| and | : | |
| | : | |
| MICHELLE VALLEJO and<br>ADRIAN VALLEJO, | : | |
| Intervening Defendants-Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-08-2946

Michael T. Gmoser, Butler County Prosecuting Attorney, Susan R. Schultz, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Combs, Schaefer, Atkins, & Little, C. Edward Combs and Nathan M. Little, 1081 North University Boulevard, Suite B, Middletown, Ohio 45042, for defendant-appellant, Williams Family Partnership, Ltd.

Mills, Mills, Fiely & Lucas, LLC, Joseph L. Beyke, Conrey Business Center, 11800 Conrey Road, Suite 200, Cincinnati, Ohio 45249, for intervening defendants-appellees, Michelle Vallejo and Adrian Vallejo

**M. POWELL, J.**

{¶ 1}  Defendant-appellant, Williams Family Partnership, Ltd. ("WFP"), appeals a

decision of the Butler County Court of Common Pleas denying WFP's motion to set aside a judgment of the trial court confirming the sale of a property located at 2201 Roosevelt Boulevard, Middletown, Ohio (the Property).[1]

{¶ 2} In August 2011, Butler County Treasurer Nancy Nix filed a complaint in the trial court to foreclose delinquent tax liens on the Property. The complaint alleged that WFP, the Property owner, owed $2,401.45 in delinquent taxes. After WFP failed to respond to the complaint, the trial court granted default judgment in favor of Nix and issued a decree of foreclosure on November 29, 2011. In 2012, according to WFP, in settlement of a debt it owed to Cadles of Grassy Meadows II, LLC, WFP transferred the Property to Cadles. The deed to the Property was executed in May 2012 and recorded in June 2012. Cadles paid the delinquent taxes. Under the settlement agreement, WFP was to pay $431.95 in court costs from the foreclosure action.

{¶ 3} When the foreclosure court costs remained unpaid, a sheriff's sale was scheduled for January 10, 2013, and notice thereof was given as required by law. The Property was sold to Michelle Vallejo and Adrian Vallejo at the scheduled sheriff's sale. The sheriff filed a return of the sale on January 17, 2013, and the trial court confirmed the sale on February 1, 2013. On February 14, 2013, WFP paid the foreclosure court costs and filed a Civ.R. 60(B) motion to set aside the foreclosure decree and the confirmation of the sale. In its motion, WFP argued it was entitled to relief under Civ.R. 60(B)(4) because WFP satisfied the judgment when it timely redeemed the Property by paying the delinquent court costs in accordance with Loc.R. 4.31 (H) and (J) of the Butler County Court of Common Pleas. WFP also argued it was entitled to relief under Civ.R. 60(B)(1). In March 2013, the trial court granted leave to Michelle and Adrian Vallejo to intervene as defendants.

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶ 4} On April 15, 2013, the trial court denied WFP's motion to set aside the foreclosure decree and the confirmation of the sheriff's sale. The trial court rejected WFP's Civ.R. 60(B)(4) argument as follows:

> [WFP's] assertion that it redeemed the property on February 14, 2013 by paying outstanding court costs after the sale was confirmed * * * is not a valid reason for the reason that the Court's confirmation of sale extinguished [WFP's] statutory right of redemption. The Court acknowledges [WFP's] argument that Local Rule 4.31(J) grants a strict thirty-day redemption period that begins to run from the date the sheriff files the return on the order of sale – in this case January 17, 2013. To the extent that Local Rules read as [WFP] claims, they are inconsistent with R.C. 2329.31, which allows a trial court to confirm a judicial sale at any time within thirty days of the return on the order of sale. Consequently, any provision requiring a trial court to delay a confirmation of sale until thirty days has passed is void and of no effect. Section 5, Article IV of the Ohio Constitution. The Court's February 1, 2013 confirmation of sale was appropriate and immediately extinguished [WFP's] right of redemption. R.C. 2229.33. [WFP's] assertion that it timely redeemed the property therefore has no merit, and its motion for relief from judgment pursuant to Civ.R. 60(B) is denied.

{¶ 5} WFP appeals, raising two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY DENYING THE DEFENDANT-APPELLANT'S MOTION TO SET ASIDE THE JUDGMENT.

{¶ 8} WFP argues the trial court erred in denying its Civ.R. 60(B) motion because WFP properly redeemed the Property by timely paying the foreclosure court costs in compliance with Loc.R. 4.31(H) and (J). WFP asserts that (1) Loc.R. 4.31(H) and (J) are intended in part to provide a property owner with a guaranteed 30-day period within which to redeem a foreclosed property; (2) under Loc.R. 4.31(J), a trial court may confirm a sale within the 30-day period following the return order only if the purchaser has waived the 30-day period by signing the confirmation entry; (3) absent a waiver by the purchaser, the trial court cannot confirm a sale until the 30-day period has elapsed; (4) because Michelle and Adrian

Vallejo did not sign the confirmation entry, confirmation of the sale should not have been filed until February 16, 2013, two days after WFP paid the foreclosure court costs; and (5) therefore, the trial court's confirmation of the sale on February 1, 2013, violated Loc.R. 4.31(H) and (J) and was in conflict with prior decisions of the trial court in unrelated foreclosure cases.

{¶ 9} It is well-settled that the decision whether to confirm or set aside a judicial sale is within the sound discretion of the trial court. *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990); *Citimortgage, Inc. v. Haverkamp*, 12th Dist. Clermont No. CA2010-11-089, 2011-Ohio-2099, ¶ 14. Likewise, it is well-settled that "'the enforcement of Local Rules is a matter within the discretion of the court promulgating the rules.'" *Eckstein v. Eckstein*, 12th Dist. Warren No. CA2010-10-097, 2011-Ohio-1724, ¶ 11, quoting *Dvorak v. Petronzio*, 11th Dist. Geauga No. 2007-G-2752, 2007-Ohio-4957, ¶ 30. Local rules of common pleas courts are applicable as long as they are not in conflict with a statute. *Herrmann v. Herrmann*, 12th Dist. Butler Nos. CA99-01-006 and CA99-01-011, 2000 WL 1671045, *10, citing *Krupansky v. Pascual*, 27 Ohio App.3d 90 (9th Dist.1985).

{¶ 10} R.C. 2329.33 provides that "at any time before" a trial court's confirmation of a sale, a judgment debtor may redeem the property by depositing with the clerk of court of common pleas the amount of the judgment with all costs and interest from the day of sale up to the time of the deposit.

{¶ 11} R.C. 2329.31(A), in turn, provides:

> Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale and that the attorney who filed the writ of execution make to the

purchaser a deed for the lands and tenements. Nothing in this section prevents the court of common pleas from staying the confirmation of the sale to permit a property owner time to redeem the property or for any other reason that it determines is appropriate. In those instances, the sale shall be confirmed within thirty days after the termination of any stay of confirmation.

{¶ 12} Loc.R. 4.31(H) provides in relevant part that:

Within fourteen (14) calendar days after the Sheriff's return of an Order of Sale or Writ of Execution indicating that property had been sold pursuant to such Order or Writ, counsel for the party requesting the sale shall submit to the Court a proposed Order confirming the sale. * * * Within thirty (30) days after the Sheriff's return, the Court shall, in accordance with R.C. §2329.31, either approve the order confirming the sale or notify counsel submitting the proposed Order of changes required before the proposed Order may be approved for filing; the revised Order including any required changes shall be returned to the Court within seven (7) calendar days.

{¶ 13} Loc.R. 4.31(J), in turn, provides that "[a] purchaser may waive all or any part of the thirty (30) day period by signing the Confirmation Entry, but no Confirmation Entry not approved by the purchaser shall be filed until said period has expired."

{¶ 14} R.C. 2329.31 clearly allows a trial court to confirm a judicial sale *at any time within thirty days* of the sheriff's return of the order of sale. Likewise, Loc.R. 4.31(H) allows the trial court to confirm the sale *within thirty days* of the sheriff's return. Contrary to WFP's assertion, Loc.R. 4.31(J) does not provide a property owner with a guaranteed 30-day period to redeem the property after the sheriff's return. Loc.R. 4.31(J) does not refer to property owners and confers no rights upon them. Loc.R. 4.31(J) refers solely to purchasers and allows only purchasers to waive the 30-day period. Accordingly, Loc.R. 4.31(J) operates solely for the benefit of purchasers, not property owners.

{¶ 15} Nor do Loc.R. 4.31(H) and (J) operate as a stay of the 30-day period, within which a trial court must confirm a sale, so that a property owner can redeem his property. Loc.R. 4.31(H) does provide that a confirmation of a sale be "in accordance with R.C.

§2329.21." That statute grants a trial court discretion to stay confirmation of a sale. Such, however, would require the issuance of a stay of confirmation either sua sponte by the trial court or upon a motion of the property owner. If WFP needed additional time to redeem the Property after the sheriff's return of the order of sale, WFP could have exercised its right to move the trial court for a stay of confirmation under R.C. 2329.31, but it failed to do so.

{¶ 16} As noted above, Loc.R. 4.31(H) and (J) are intended for the benefit of the purchaser at a foreclosure sale. With that premise in mind, the trial court's confirmation of the sale within 30 days of the sheriff's return and without a waiver of the 30-day period by the purchaser is not a matter that WFP may complain about. If there is a violation of the rights created by the local rule, then such rights must be asserted by the purchaser, not the property owner. Michelle and Adrian Vallejo do not claim a violation of the local rule. WFP may not assert their rights.

{¶ 17} WFP cites three foreclosure decisions from the trial court in support of its argument that in confirming the sale on February 1, 2013, the trial court failed to follow its own local rules and applied Loc.R. 4.31(H)( and (J) in a manner inconsistent with the way it has done in past cases. *See Habitat for Humanity v. Roberson*, Butler C.P. No. CV 2010 09 4043 (Apr. 2, 2013); *Nix v. Knapp*, Butler C.P. No. CV 2010 10 4468 (Feb. 20, 2013); and *First Natl. Bank of Germantown v. Pennington*, Butler C.P. No. CV 2009 07 3385 (Apr. 11, 2011).

{¶ 18} We find those cases are inapplicable. In *Knapp*, even though the property owner (and not the purchaser) moved the trial court to set aside the confirmation of the sale, the trial court's entry setting aside the confirmation was done with the agreement of all the parties, and was based upon a calculation error by the treasurer's office which, in turn,

inadvertently triggered the judicial sale.[2]   The property owner's motion cited R.C. 2329.33. The trial court's entry setting aside the confirmation neither cites nor discusses Loc.R. 4.31(J).

{¶ 19} In both *Roberson* and *Pennington*, the *purchaser* (not the property owner) invoked Loc.R. 4.31(J).   In *Roberson*, the trial court confirmed the sale within the 30-day period.  It subsequently vacated the confirmation on the ground that the early confirmation deprived the purchaser of several days to secure and protect the property, and of the opportunity to petition the court to withdraw its bid and recover its deposit, after the property was destroyed by a post-confirmation fire, but before the end of the 30-day period.  In *Pennington*, the purchaser filed a waiver of the 30-day period and the trial court confirmed the sale within the 30-day period.

{¶ 20}  In light of the foregoing, we find that the trial court properly confirmed the sale of the Property on February 1, 2013, in accordance with R.C. 2329.31 and 2329.33 and Loc.R. 4.31(H) and (J).  The trial court's confirmation of the sale in turn extinguished WFP's right of redemption.  As a result, WFP did not timely satisfy the judgment and the trial court properly denied WFP's Civ.R. 60(B) motion.

{¶ 21}  WFP's first assignment of error is overruled.

{¶ 22}  Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT-APPELLANT'S MOTION TO SET ASIDE JUDGMENT PURSUANT TO CIV.R. 60(B).

---

2. In *Knapp*, the property owner bought the property in 2011.  At the time of the purchase, the delinquent taxes were inadvertently not paid.  Upon discovering the delinquent tax issue, a payoff amount was sought from the treasurer's office.  The amount provided by the treasurer's office was promptly paid in March 2012.  However, the amount was incorrect as it did not include court costs.  As a result of the calculation error by the treasurer's office, the case moved forward without notice to the property owner and the property was sold at a sheriff's sale on January 10, 2013.  The trial court confirmed the sale on January 31, 2013.

{¶ 24} WFP argues the trial court abused its discretion when it denied WFP's Civ.R. 60(B) motion. As it did under its first assignment of error, WFP first asserts it was entitled to relief under Civ.R. 60(B)(4) because it timely redeemed the Property under Loc.R. 4.31(H) and (J) by paying the delinquent foreclosure court costs. In light of our holding under WFP's first assignment of error, the issue is moot and we decline to address it.

{¶ 25} WFP also asserts it was entitled to relief under the "catch-all provision" of Civ.R. 60(B)(5). WFP, however, never argued this issue before the trial court. It is well settled that a party cannot raise new issues or legal theories for the first time on appeal. *Lay v. Chamberlain*, 12th Dist. Madison No. CA99-11-030, 2000 WL 1819060, *10 (Dec. 11, 2000). Because this issue was not raised before the trial court, we decline to consider it on appeal. *Stables v. Bland*, 11th Dist. Trumbull No. 2002-T-0075, 2003-Ohio-1751, ¶ 15; *Gillmore v. Tirbovich*, 5th Dist. Stark No. 2001CA00096, 2001 WL 1230536 (Oct. 9, 2001) (issue of whether appellant is entitled to relief under Civ.R. 60(B)(5) is waived and will not be addressed on appeal where appellant did not seek relief under Civ.R. 60(B)(5) in the trial court).[3]

{¶ 26} WFP's second assignment of error is overruled.

{¶ 27} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.

---

3. WFP cites *Aurora Loan Servs. v. Brown*, 12th Dist. Warren Nos. CA2010-01-010 and CA2010-05-041, 2010-Ohio-5426, for the proposition that a trial court should consider a Civ.R. 60(B) motion as one made under Civ.R. 60(B)(5) whenever the facts justify it, regardless of whether relief was sought in the trial court under that ground. A review of the decision discloses no such holding. Unlike the case at bar, the defendant in *Aurora* sought relief under Civ.R. 60(B)(5) in the trial court. *See id.* at ¶ 38, 41. In addition, the trial court specifically found that relief was not otherwise justified under Civ.R. 60(B)(5). *See id.* at ¶ 7.