[Cite as *Bank of Am. v. Vaught*, 2014-Ohio-3383.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-11-085 |
| | : | O P I N I O N<br>8/4/2014 |
| - vs - | : | |
| | : | |
| SABRINA VAUGHT, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CVE 01895


Reed Smith LLP, K. Issac deVyver, Reed Smith Centre, 225 Fifth Avenue, Pittsburg, Pennsylvania 15222, for plaintiff-appellee

McGlinchey Stafford PLLC, Bryan T. Kostura, 25550 Chagrin Boulevard, Suite 406, Cleveland, Ohio 44122-4640, for plaintiff-appellee

Duncan Law Group, LLC, Brian K. Duncan and Bryan Thomas, 600 High Street, Suite 100, Columbus, Ohio 43215, for defendants-appellants


**M. POWELL, J.**

{¶ 1} Defendants-appellants, Sabrina Vaught and Bruce Edward Vaught, II (collectively, the Vaughts), appeal from a decision of the Clermont County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Bank of America N.A. (BANA), in a foreclosure action.

**{¶ 2}** On July 18, 2005, the Vaughts executed a promissory note (the Note) in favor of ComUnity Lending, Incorporated (ComUnity) in the amount of $212,000 for the purchase of real property located at 4973 Monterey Maple Grove Road in Batavia, Ohio. The Note was secured by a mortgage (the Mortgage) that designated the Vaughts as the borrowers, ComUnity as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee, acting as the nominee for ComUnity. The Mortgage was recorded on July 27, 2005. ComUnity subsequently endorsed the Note to Countrywide Document Custody Services, which endorsed the Note to Countrywide Home Loans, Inc., which eventually endorsed it in blank.

**{¶ 3}** The Vaughts stopped making payments on the note in January 2012. In June 2012, MERS assigned the Mortgage to BANA. In September 2012, BANA filed a complaint to foreclose, and attached copies of both the Note and the Mortgage. The complaint alleged that BANA was a holder of the Note and the Mortgage, which were both in default. The complaint also alleged that BANA notified the Vaughts of the default, but that they failed to meet the deadline for payment of the overdue amount.

**{¶ 4}** In February 2013, BANA filed a motion for summary judgment. Attached to the motion were, among other things, the affidavit of Denise Swipe, an officer of BANA, and an "Account Information Statement" that reflected the Vaughts had accrued nearly $15,000 in missed payments since January 1, 2012. In response, the Vaughts filed a "Brief in Opposition" in which they requested additional time for discovery. A continuance was granted through an agreed entry, but the Vaughts failed to file any additional pleadings. In April 2013, BANA filed a brief in support of its motion for summary judgment and, despite several further continuances, the Vaughts failed to respond. In October 2013, the trial court granted BANA's motion for summary judgment.

**{¶ 5}** The Vaughts now appeal, raising one assignment of error:

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF FACT AND PLAINTIFF WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶ 7} Appellate review of a trial court's decision granting summary judgment is de novo, which means the appellate court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 17. Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to one conclusion, that conclusion being adverse to the nonmoving party. *Id.* at ¶ 18.

{¶ 8} The Vaughts assert that the trial court erred in granting summary judgment because BANA failed to satisfy the preconditions for summary judgment. Specifically, the Vaughts argue that, at the time the motion was granted, there remained at least three genuine issues of material fact: (1) whether BANA is a holder in due course of the Note; (2) whether BANA assumed the risk of the alleged delinquency by accepting assignment of the mortgage; and (3) whether BANA complied with the provision in the Mortgage requiring it to give notice to the Vaughts prior to acceleration of the debt.

{¶ 9} Based upon the record before this court, it does not appear that the Vaughts raised any of the foregoing issues with the trial court. "It is well settled that a party cannot raise new issues or legal theories for the first time on appeal." *Nix v. Williams Family Partnership, Ltd.*, 12th Dist. Butler No. CA2013-05-076, 2013-Ohio-5208, ¶ 25. Therefore, we decline to consider the Vaughts' arguments that there are genuine issues of material fact

as to whether BANA assumed the risk of the alleged delinquency, and whether BANA complied with the Mortgage's acceleration clause.

{¶ 10} However, we will consider whether BANA is a holder in due course of the Note, because this issue bears some relation to BANA's standing to foreclose. As a jurisdictional requirement, standing may be raised by a party to the action at any time. *Bank of New York Mellon v. Blouse*, 12th Dist. Fayette No. CA2013-02-002, 2013-Ohio-4537, ¶ 7, citing *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22.

{¶ 11} "It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis deleted.) *Schwartzwald* at ¶ 22, citing *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). Put another way, in order to establish standing, the plaintiff must show it has suffered injury "caused by the defendant that has some remedy in law or equity." *Blouse* at ¶ 6, citing *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 18. This requirement is satisfied in a foreclosure action if the plaintiff can demonstrate he has an interest in the note or mortgage at the time the complaint is filed. *Schwartzwald* at ¶ 28.

{¶ 12} The Vaughts assert that BANA failed to demonstrate an interest in the Note. They claim that because BANA has not satisfied R.C. 1303.32(A)(2)(C), it is not a holder in due course of the Note, and therefore has no right to foreclose. The Vaughts also claim that because BANA failed to produce originals of the Note or Mortgage for their inspection, BANA's ownership of the debt remains a genuine issue of material fact.

{¶ 13} BANA need not be a holder in due course in order to demonstrate an interest in the Note sufficient to foreclose. As this court has previously observed, the "holder" of an instrument such as the Note here in question is a "person entitled to enforce" the instrument.

- 4 -

*Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 20, citing R.C. 1303.31(A)(1). Although the concept of "holder" is distinct from that of a "holder in due course," both concepts refer to persons entitled to enforce the instrument. R.C. 1303.31. A "holder" includes a person who is in possession of an instrument payable to bearer. R.C. 1301.01(T)(1)(a).[1] "When an instrument is indorsed in blank, the instrument becomes payable to bearer * * *." *Bell* at ¶ 20, quoting R.C. 1303.25(B). A "holder in due course," on the other hand, is a holder who took for value, in good faith, and without notice of one of three specific problems with the instrument, including that the instrument is overdue. R.C. 1303.32(A)(2).

{¶ 14} In the present case, BANA, with a copy of the Note and the affidavit of Ms. Snipe, demonstrated to the trial court both that it is in possession of the Note, and that the Note is endorsed in blank. In other words, BANA has established it is a holder. As a holder, BANA is a person entitled to enforce the Note. *Blouse*, 2013-Ohio-4537 at ¶ 11. Therefore, the argument by the Vaughts that BANA has failed to prove it is a holder in due course is irrelevant.

{¶ 15} Similarly without merit is the Vaughts' claim that BANA's failure to produce the originals of the Note and Mortgage raises a genuine issue of material fact as to ownership of the debt. To begin with, the Vaughts never moved the trial court to compel production of the originals. Moreover, "Evid.R. 1003 permits a copy of a document to be admitted into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original or it would be unfair to admit the duplicate in lieu of the original." *Bank of America, N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014-Ohio-2480, ¶

---

1. R.C. 1301.01 was repealed by Am.H.B. No. 9, 2011 Ohio Laws File 9, effective June 29, 2011. That act amended and renumbered the provisions of Chapter 1301 of the Ohio Revised Code so that the definitions section of the Uniform Commercial Code now appear at R.C. 1301.201. Because R.C. 1301.201 only applies to transactions entered on or after June 29, 2011, we apply R.C. 1301.01 to this appeal.

Despite several continuances granted by the trial court to allow the Vaughts time to conduct discovery prior to a ruling on BANA's motion for summary judgment, the Vaughts failed to raise any question as to the authenticity of the copies of the Note and Mortgage, or challenge the fairness of admitting the duplicates.

{¶ 16} The Vaughts' sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.