[Cite as *MTGLQ Investors L.P. v. Faulkner*, 2018-Ohio-2885.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| MTGLQ INVESTORS L.P., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-07-117 |
| | : | O P I N I O N |
| - vs - | | 7/23/2018 |
| | : | |
| JEFF A. FAULKNER, TRUSTEE OF THE FAULKNER FAMILY TRUST DATED MARCH 22, 1995, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16 CV 88467

Reimer Law Co., Michael L. Wiery, P.O. Box 96696, 30455 Solon Road, Solon, Ohio 44139, for plaintiff-appellee

Joseph R. Matejkovic, 9078 Union Centre Blvd., Suite 350, West Chester, Ohio 45069, for defendant-appellant, Jeff A. Faulkner, Trustee

David P. Fornshell, Warren County Prosecuting Attorney, Christopher A. Watkins, 520 Justice Drive, Lebanon, Ohio 45036, for defendant, Warren County Treasurer

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Jeff A. Faulkner, Trustee of the Jeff A. Faulkner Family Trust Dated March 22, 1995, appeals from a decision of the Warren County Court of Common Pleas granting summary judgment in favor of substitute plaintiff-appellee, MTGLQ

Investors L.P. (hereafter, "MTGLQ"), in a foreclosure action. For the reasons set forth below, we affirm the trial court's decision.

{¶ 2} On February 24, 2006, appellant executed a promissory note in favor of America's Wholesale Lender ("America's Wholesale") in the amount of $68,000 for the purchase of real property located at 729 South Main Street in Franklin, Ohio. The promissory note called for monthly payments for a period of 30 years, with interest accumulating on the principal amount at a yearly rate of 7 percent. The promissory note was secured by a mortgage that designated appellant as the borrower, America's Wholesale as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, acting as the nominee for America's Wholesale. The mortgage was recorded on March 17, 2006.

{¶ 3} The promissory note was endorsed in blank by America's Wholesale. On August 16, 2010, MERS executed an Assignment of Real Estate Mortgage, assigning all interest under the mortgage to BAC Home Loans Servicing, L.P. f.k.a. Countrywide Home Loans Servicing, L.P. Thereafter, on June 18, 2013, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., assigned its interest in the mortgage to Green Tree Servicing, LLC. On August 31, 2015, Green Tree Servicing, LLC merged with two other companies, and the mortgage was subsequently held by Ditech Financial LLC ("Ditech"), the successor by merger to Green Tree Servicing, LLC.

{¶ 4} At some point in 2011, the terms of the promissory note were renegotiated, a fact that was conceded by both appellee and appellant in their respective appellate briefs.[1]

---

1. Appellant contends in his appellate brief that in June 2011, "the Faulkner Family Trust was the debtor in a Chapter 11 reorganization case pending in the U.S. Bankruptcy Court for the Southern District of Ohio (Dayton). In 06/2011, Faulkner and BAC executed a reaffirmation of the debt, reducing the balance from $68,852.25 to $45,000.00 with interest at the rate of 5.25% per year * * *." The record on appeal contains no mention of bankruptcy proceedings or a reaffirmation agreement. Nonetheless, appellee conceded in its appellate brief that "there was a bankruptcy and * * * [a]ppellant's debt owed was modified." Appellee notes that its complaint sought "$44,925.90 at 5.25%. This prayer for amount owed was in fact based on the modified amount as shown by * * * the reduced unpaid principal balance ($68,000.00 compared to $45,000.00), as well as the matching interest rate to the modified debt (7.000% original in the Note compared to 5.25% requested in the Complaint)."

On March 30, 2016, Ditech filed a complaint in foreclosure alleging that appellant defaulted in payment on the promissory note in July 2011, that it had declared the debt due, it had complied with all conditions precedent as set forth in the note and mortgage, and that the sum of $44,925.90 plus interest at the rate of 5.25 percent per annum was owed. Ditech attached to its complaint the endorsed-in-blank promissory note, the mortgage, and the various assignments of the mortgage.

{¶ 5} Appellant filed an answer in which he admitted there was a mortgage on the property securing the note. However, appellant denied the amount of the outstanding balance claimed by appellant and further denied he was in default. Appellant then set forth the following affirmative defenses, asserting that (1) he was not "properly name[d]" in the action, (2) the action was not brought by a real-party-in-interest, (3) the complaint failed to state a claim upon which relief could be granted, (4) the complaint did not meet the statutory requirements for relief under the law, (5) the complaint was barred by the applicable statutes of limitations and the doctrine of laches, (6), the complaint was barred by the doctrine of waiver and the doctrine of accord and satisfaction, (7) the complaint was barred due to a lack of consideration, and (8) the plaintiff failed to mitigate its damages.

{¶ 6} After the initiation of discovery, Ditech moved to substitute the plaintiff in the action, as the note and mortgage was assigned to appellee, MTGLQ, on September 22, 2016. No party opposed the motion and the motion was granted on May 1, 2017. Thereafter, on May 22, 2017, MTGLQ moved for summary judgment. In support of its motion, MTGLQ attached the affidavit of Teresa H. Hubner, an employee of New Penn Financial, LLC d.b.a. Shellpoint Mortgage Servicing (hereafter, "Shellpoint Mortgage Servicing"), the mortgage servicer for MTGLQ. Hubner attested that she was familiar with the business records maintained by Shellpoint Mortgage Servicing, she had reviewed the business records related to appellant's loan, appellant had defaulted on the terms of the note

and mortgage by failing to pay the July 1, 2011 payment, the default had not been cured, the debt had been accelerated in accordance with the terms of the note, and the entire balance of $44,925.90, plus interest at 5.25 percent from June 1, 2011, was due and owed. Attached to Hubner's affidavit were copies of the promissory note, mortgage, and assignments of the mortgage, including the September 22, 2016 assignment of the mortgage from Ditech to MTGLQ.

{¶ 7} Appellant did not file a response in opposition to MTGLQ's motion. On June 20, 2017, the trial court granted MTGLQ's motion for summary judgment.

{¶ 8} Appellant timely appealed, raising the following as his sole assignment of error:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT BY GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶ 10} Appellate review of a trial court's decision granting summary judgment is de novo. *M&T Bank v. Johns*, 12th Dist. Clermont No. CA2013-04-032, 2014-Ohio-1886, ¶ 7. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 18. "The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists." *Fifth Third Bank v. Bolera*, 12th Dist. Butler No. CA2017-03-039, 2017-Ohio-9091, ¶ 25, citing *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.). Once this initial burden is met, the nonmoving party "must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere

allegations or denials in its pleadings." *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7, citing Civ.R. 56(E).

{¶ 11} Appellant contends that the trial court erred in granting summary judgment to MTGLQ as MTGLQ and its predecessors did not act equitably when they "breach[ed] the loan contract," committed civil fraud by making "blatant misstatements about [his] payment obligation," acted in violation of bankruptcy law by trying to collect a debt discharged in bankruptcy, violated the Truth In Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), and failed to offer him a "waterfall of remedies" required by the Federal Housing Finance Agency's nonperforming loan program. These issues, however, were never raised by appellant during the trial court proceedings. "It is well settled law that a party cannot raise new issues or legal theories for the first time on appeal." *Nix v. Williams Family Partnership, Ltd.*, 12th Dist. Butler No. CA2013-05-076, 2013-Ohio-5208, ¶ 25; *Bank of Am., N.A. v. Vaught*, 12th Dist. Clermont No. CA2013-11-085, 2014-Ohio-3383, ¶ 9. Therefore, as these issues and claims were not presented below in defense of MTGLQ's claim for foreclosure, they are not properly before us and we decline to address them for the first time on appeal. *See id.* at ¶ 9.

{¶ 12} The only issue properly before this court is whether MTGLQ met its burden under Civ.R. 56 of establishing its foreclosure claim. "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Johns*, 2014-Ohio-1886, ¶ 8; *Citimortgage, Inc. v. Davis*, 12th Dist. Warren CA2013-09-088, 2014-Ohio-3292, ¶ 30.

{¶ 13} Having reviewed MTGLQ's motion for summary judgment and the affidavit and exhibits attached thereto, we find that the trial court properly granted summary judgment in favor of MTGLQ. MTGLQ presented uncontested evidence that MTGLQ is the holder of the

note and recorded mortgage, that appellant had defaulted on his payment obligation, that the debt owed had been properly accelerated, and that MTGLQ was entitled to $44,925.90, plus interest at 5.25 percent per annum from June 1, 2011.[2] Therefore, as the evidence submitted by MTGLQ demonstrated that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law, we find no error in the trial court's decision to grant summary judgment in favor of MTGLQ.

{¶ 14} Appellant's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.

---

2. We note that the amount awarded in judgment coincides with the modified and reduced principal and interest rate that MTGLQ sought in its complaint.