[Cite as *HSBC Bank U.S.A v. Faulkner*, 2018-Ohio-3221.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| HSBC BANK USA, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-10-153 |
| | : | O P I N I O N |
| - vs - | | 8/13/2018 |
| | : | |
| JEFF A. FAULKNER, INDIVIDUALLY, et al., | : | |
| | : | |
| Defendants-Appellants. | | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-09-1962


McGlinchey Stafford, Kimberly Y. Smith Rivera, Suite 406, 25550 Chagrin Boulevard, Cleveland, OH 44122-4640, for plaintiff-appellee

Joseph R. Matejkovic, Suite 350, 9078 Union Centre Boulevard, West Chester, OH 45069-4879, for defendants-appellants Jeff A. Faulkner, individually, and Jeff A. Faulkner, as trustee


**S. POWELL, P.J.**

{¶ 1} Defendants-appellants, Jeff A. Faulkner, individually and as trustee of the Jeff A. Faulkner Family Trust, Dated March 22, 1995 (collectively, "Faulkner"), appeal from the decision of the Butler County Court of Common Pleas granting summary judgment in this foreclosure action to plaintiff-appellee, HSBC Bank USA, National Association, as trustee

for Deutsche Alt-B Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2006-AB4 ("HSBC"). For the reasons outlined below, we affirm.[1]

{¶ 2} On September 9, 2016, HSBC filed a complaint against Faulkner seeking to foreclose on property located at 6793 Elk Creek Road, Middletown, Butler County, Ohio. In support of its complaint, HSBC alleged it was the holder of a note and mortgage that entitled it to foreclose on the Elk Creek Road property due to Faulkner having defaulted on the terms of the note and mortgage securing the same. It is generally undisputed that Faulkner had defaulted on the note and mortgage by failing to make the necessary installment payments prior to HSBC filing its complaint, thereby triggering the acceleration clause entitling HSBC to accelerate the entire balance then due.

{¶ 3} On December 1, 2016, Faulkner filed an answer denying HSBC's allegations that he was in default on the note and mortgage. Several months later, on March 22, 2017, the trial court issued a scheduling order setting the deadline for filing any motions for summary judgment for June 22, 2017. The trial court also scheduled the matter for a bench trial, if necessary, for September 14, 2017.

{¶ 4} On June 22, 2017, HSBC filed a motion for summary judgment and a motion for default judgment. Shortly thereafter, on June 26, 2017, HSBC filed a notice with the trial court that it was withdrawing both motions. Approximately two weeks later, on July 10, 2017, HSBC filed a motion for leave to file renewed motions for summary judgment and default judgment. The trial court granted HSBC's motion for leave on July 21, 2017, thereby extending the deadline for HSBC to file its renewed motions to August 4, 2017.

{¶ 5} On August 3, 2017, HSBC filed its renewed motions for summary judgment and default judgment. Both motions contained a certificate of service indicating Faulkner

---

1. This court recently affirmed a substantially similar claim against Faulkner in *MTGLQ Investors L.P. v. Faulkner*, 12th Dist. Warren No. CA2017-07-117, 2018-Ohio-2885.

was served with the motions by regular mail, postage prepaid, on August 2, 2017. As a result, pursuant to the trial court's local rules and the Ohio Rules of Civil Procedure, Faulkner was to file his memorandum in opposition to HSBC's motions by August 28, 2017. Faulkner, however, did not file any memoranda in opposition to either of HSBC's motions. Despite this failure, at Faulkner's request, the trial court granted Faulkner an extension to file his opposing memoranda by September 12, 2017. The trial court then rescheduled the bench trial for September 21, 2017.

{¶ 6} On September 13, 2017, one day after the trial court's extended deadline for Faulkner to file his opposing memorandum, Faulkner filed a memorandum in opposition to HSBC's motion for summary judgment. Due to the memorandum being untimely filed, HSBC moved to strike Faulkner's memorandum. Finding HSBC's motion well taken, the trial court granted HSBC's motion to strike Faulkner's opposing memorandum.

{¶ 7} On September 19, 2017, the trial court issued a decision granting HSBC's motion for summary judgment. In so holding, the trial court found HSBC satisfied its initial burden requiring it to provide evidence indicating it was entitled to judgment as a matter of law, whereas Faulkner failed to file a timely response in opposition indicating there was an issue of material fact yet remaining for the trial court to resolve. Specifically, as the trial court stated, "[Faulkner] has failed to file any memorandum in response to [HSBC's] motion. As such, [Faulkner] has failed to meet their burden as outlined in Civ.R. 56(E)."

{¶ 8} Faulkner now appeals from the trial court's decision granting summary judgment to HSBC in this foreclosure action, raising the following single assignment of error for review.

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS BY GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶ 10} In his single assignment of error, Faulkner argues the trial court erred by granting summary judgment to HSBC. We disagree.

{¶ 11} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Moody v. Pilot Travel Ctrs., LLC.*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). In applying the de novo standard, the appellate court is required to "'us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 12} Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).

{¶ 13} Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Barich v. Scheidler Med. Group LLC.*, 12th Dist.

Butler No. CA2015-01-004, 2015-Ohio-4446, ¶ 9, citing *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 10.

{¶ 14} On appeal, Faulkner does not dispute that HSBC met its initial burden requiring it to provide evidence indicating it was entitled to judgment as a matter of law. Instead, Faulkner argues the trial court erred by granting summary judgment in HSBC's favor since he was only given five days to respond to HSBC's renewed motion for summary judgment. In support, Faulkner claims he should have been given additional time to respond to HSBC's motion since HSBC "hid" the motion from him by "burying" the motion inside its renewed motion for default judgment. Therefore, according to Faulkner, the trial court's decision to strike his memorandum in opposition to HSBC's motion for summary judgment as untimely violated the trial court's local rules, the Ohio Rules of Civil Procedure, and his due process rights by denying him notice and an opportunity to be heard.

{¶ 15} Contrary to Faulkner's claim otherwise, HSBC's motion for summary judgment was not in any way "hidden" from him by being "buried" within HSBC's renewed motion for default judgment. A simple review of HSBC's filings with the trial court, as well as those filings properly served on Faulkner, would have led to the discovery of HSBC's motion for summary judgment with minimal effort. The trial court, therefore, would have been well within its authority to deny Faulkner's request for an extension to file his memorandum in opposition to HSBC's motion for summary judgment. This is because, as this court has stated previously, "a trial court has wide discretion in control of its own docket and regulating the proceedings before it." *Fifth Third Bank v. Meadow Park, LLC*, 12th Dist. Clinton No. CA2015-07-012, 2016-Ohio-753, ¶ 34.

{¶ 16} Nevertheless, although the trial court could have simply denied Faulkner's request for an extension, the trial court instead granted Faulkner five additional days to respond to HSBC's renewed motion for summary judgment. Faulkner, however, still did not

timely respond to HSBC's motion. The fact that Faulkner failed to act within the trial court's timeline – even after the trial court extended the deadline for Faulkner to file his memorandum untimely – does not constitute a violation of due process. This is true despite the fact that the trial court's decision may have been contrary to its own local rules. Trial courts are given great latitude in following and enforcing their own local rules. *Dvorak v. Petronzio*, 11th Dist. Geauga No. 2007-G-2752, 2007-Ohio-4957, ¶ 30. Therefore, because Faulkner was given more than enough time to file his opposing memorandum to HSBC's motion for summary judgment, Faulkner's argument to the contrary lacks merit.

{¶ 17} Faulkner next argues the trial court erred by granting HSBC's motion for summary judgment since HSBC was liable for a breach of contract and fraud, for circumventing his prior bankruptcy discharge, and by violating the Real Estate Settlement Procedures Act and the Truth in Lending Act by sending him monthly statements that contained "blatant misstatements" about his payment obligations and for obtaining "force-placed insurance" for the Elm Creek Road property. Faulkner, therefore, claims it was inequitable for the trial court to grant HSBC's motion for summary judgment. As Faulkner claims, under these circumstances, it is "patently unconscionable" for HSBC to be allowed to foreclose on the Elk Creek Road property.

{¶ 18} Faulkner, however, never properly raised any of these issues before the trial court. It is well-settled that a party may not raise for the first time on appeal any issue or error that the party could have called to the trial court's attention at a time when the trial court could have ruled on the issue, or corrected the error, or avoided the error altogether. *Webster v. G & J Kartway*, 12th Dist. Preble No. CA2005-06-011, 2006-Ohio-881, ¶ 24. "This principle applies to summary judgment proceedings." *Whitson v. One Stop Rental Tool & Party*, 12th Dist. Preble No. CA2016-03-004, 2017-Ohio-418, ¶ 17. Therefore, although the application of this principle does not alleviate the moving party from carrying

its initial burden requiring it to provide evidence indicating it was entitled to judgment as a matter of law, it does prohibit the party appealing the trial court's decision judgment from advancing new theories or raising new issues in order to secure a reversal of the trial court's decision granting summary judgment. *Webster* at ¶ 25.

{¶ 19} "The fact that the non-moving party failed to file a timely response in opposition to a motion for summary judgment, standing alone, is not a proper basis on which to grant summary judgment." *Cavalry SPV I, LLC v. Taylor*, 7th Dist. Mahoning No. 17 MA 0107, 2018-Ohio-1765, ¶ 16. In this case, however, the record is clear that HSBC satisfied its initial burden requiring it to provide evidence indicating it was entitled to judgment as a matter of law, to which Faulkner failed to file a timely response in opposition indicating there was any issue of material fact yet remaining for the trial court to resolve. Therefore, because the evidence properly submitted to the trial court can only lead reasonable minds to a conclusion that is adverse to Faulkner as a matter of law, the trial court did not err by granting HSBC's motion for summary judgment. Accordingly, finding no error in the trial court's decision to grant HSBC's motion, Faulkner's single assignment of error is overruled.

{¶ 20} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.