[Cite as *Milton v. Pierce*, 2017-Ohio-330.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| HUBERT D. MILTON, JR., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-03-013 |
| | : | O P I N I O N |
| - vs - | | 1/30/2017 |
| | : | |
| GARY PIERCE, | : | |
| Defendant-Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2016 CVG 00327

Hubert D. Milton, Jr., P.O. Box 510, Williamsburg, Ohio 45176, plaintiff-appellee, pro se

Gary Pierce, 394 East Main Street, Apt. 1, Williamsburg, Ohio 45176, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Gary Pierce, appeals the decision of the Clermont County Municipal Court granting judgment in favor of plaintiff-appellee, Hubert Milton ("Landlord"). For the reasons detailed below, we affirm.

{¶ 2} On February 1, 2016, Landlord filed a forcible entry and detainer complaint against Pierce alleging nonpayment of rent. On February 2, 2016, appellant filed an application for rent escrow.

{¶ 3}  The trial court scheduled a hearing for February 23, 2016.  The transcript reveals that Pierce was not present, and the magistrate accepted the testimony of the Landlord and granted the writ of restitution.

> MAGISTRATE: I'll go ahead and grant the writ.  When do you want to come back on the second cause?
>
> * * *
>
> MAGISTRATE: And I also have a parallel case, Gary Pierce vs. Hubert Milton.  Mr. Pierce is not here.  For the record I do note that this was filed one day after the eviction complaint so it's not timely filed.  It looks like he did deposit $430 with the Court which I'll order to be released.  So I'm assuming you want it released to you is that correct.
>
> LANDLORD: Yes, please.
>
> MAGISTRATE: Okay, for the record, Mr. Pierce has not appeared.

Thereafter, the magistrate released Landlord and continued with other cases.

{¶ 4}  At some point later, the record reflects that the magistrate noticed that Pierce had entered the courtroom.  Pierce addressed the magistrate and stated that he had been downstairs getting a file-stamp from the clerk for a motion that he was going to file that day.  The magistrate explained the situation to Pierce and entered into a brief examination wherein Pierce explained some of his confusion.

{¶ 5}  The magistrate's entries reflect that Pierce's application for escrow was consolidated with the forcible entry and detainer action.  Ultimately, Pierce's application for escrow was denied and Landlord's forcible entry and detainer action was granted.  The magistrate's decisions were adopted by the trial court without objection.  Pierce now appeals the decision of the trial court, raising six assignments of error for review.

{¶ 6}  Assignment of Error No. 1:

{¶ 7}  THE MAGISTRATE ERRED TO THE PREJUDICE OF THE PLAINTIFF-

APPELLEE IN FAILING TO ALLOW PROPER TRIAL OF DEFENDANT-APPELLANT'S CASE [sic].

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE MUNICIPAL CIVIL CLERK ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLEE IN FAILING TO FILE "2016 RE 00001" IN TIMELY FASHION [sic].

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE MUNI. CLK. ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLEE IN CARELESS FILE – DATE STAMPING OF 2016 CVG 00327 [sic].

{¶ 12} Assignment of Error No. 4:

{¶ 13} MAG. BAZELEY ERRED IN INTERRUPTING FIRST CASE BEING LITIGATED, ALLOWING PLAINTIFF-APPELLEE TO PRESENT 2016 CVG 00327, AND DISMISSING 2016 RE 00001 IN DEFENDANT-APPELLANT'S BRIEF ABSENCE [sic].

{¶ 14} Assignment of Error No. 5:

{¶ 15} MAG. BAZELEY AND J.J. BROCK AND NAGEL ERRED IN NOT ALLOWING DEFENDANT-APPELLANT FOURTEEN DAYS TO FILE OBJECTIONS.

{¶ 16} Assignment of Error No. 6:

{¶ 17} MAG. BAZELEY, JUDGE NAGEL AND JUDGE BROCK ERRED IN DENYING A PROPER JURY TRIAL FOR DEFENDANT-APPELLANT.

{¶ 18} We will address Pierce's assignments together. In addressing Pierce's arguments, we are mindful that he has represented himself throughout this process. However, pro se litigants are held to the same standard as litigants who are represented by counsel. *Rosalind Holmes v. Cobblestone Grove*, 12th Dist. Butler No. CA2016-04-075, 2017-Ohio-55, ¶ 21. As a result, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound. *Sparks v. Sparks*, 12th Dist. Warren No. CA2015-10-

095, 2016-Ohio-2896, ¶ 6. In other words, "[p]ro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

{¶ 19} From what we can glean from his brief, Pierce was unhappy with the apartment rented to him by Landlord and had been withholding rent. Pierce claims that he attempted to escrow the rent prior to Landlord's eviction action and he alleges that he either received erroneous advice from the clerk's office or that his application was delayed due to the "mismanaged" clerk mailroom. Pierce further claims that he did not appear at the hearing because he was downstairs filing another document with the clerk's office. In any event, Pierce argues that the magistrate's decision was erroneous, the trial court rushed to judgment in adopting that decision, and that he should be permitted a jury trial. Furthermore, Pierce requests that Landlord "should be made to show cause why his rental incomes should not be managed by an appropriate Clermont County, Ohio Court until he and his assoc.s [sic] can **_prove_** that the **_long overdue_** safety, sanitation and health improvements he and his 'busi. mgr.' have been **_repeatedly_** making **_false_** promises about **_have indeed finally been performed_**!" (Emphasis sic.) In sum, Pierce claims that if this court remands this matter, he "will **_easily prove_** appellee-plaintiff and his assoc.s [sic] to be **habitual verbal Contract breakers; and to be operating rental properties in Williamsburg, Ohio** that are **_needlessly_ _in violation of_ Ohio State and Clermont County Codes for building safety, health and sanitation**." (Emphasis sic.)

{¶ 20} Initially, we note that Pierce did not file objections to the magistrate's decision. By failing to file any objections to the magistrate's decision, Pierce waived the right to assign as error on appeal any factual finding or legal conclusion in the magistrate's decision. Civ.R.

53(D)(3)(b)(iv); *Vilardo v. Sheets*, 12th Dist. Clermont No. CA2005-09-091, 2006-Ohio-3473, ¶ 14 (appellant "waived the right to assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law" where he failed to enter objections to the magistrate's decision).

{¶ 21} Though Pierce claims that the trial court adopted the magistrate's decision too early, we note that the Civil Rules provide that a party may still file objections following adoption by the trial court. Pursuant to Civ.R. 53(D)(3)(b)(i), "a party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during the fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Pierce simply did not file objections within that 14-day period and has therefore waived any issue regarding the magistrate's decision on appeal.

{¶ 22} Moreover, a review of the record reveals that many of the arguments Pierce raises in his appellate brief are either unverified or unverifiable. For example, based on the record before us, this court is unable to determine that the municipal court clerk "mismanages" the mailroom, or whether Landlord could "***EASILY provide ALL funds***" to make certain repairs to the property if they stop "***needlessly wasting*** enough gas, electricity, diesel fuel, gasoline, lubricants and maintenance parts." (Emphasis sic.)

{¶ 23} This matter was a relatively simple dispute between the parties involving unpaid rent and Pierce's allegations related to the condition of the apartment. Though Pierce alleges that he was present in the courthouse at the time of the hearing, it was his responsibility to be present in the courtroom for the hearing and it was also his responsibility to file objections to the magistrate's decision. While we understand that Pierce is not an attorney, the law does not afford pro se litigants greater rights and they must accept the results of their own mistakes and errors. Accordingly, we find Pierce's assignments of error to be without merit and hereby affirm the decision of the trial court.

{¶ 24} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.