[Cite as *Ditech Fin., L.L.C. v. Ebbing*, 2019-Ohio-2077.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| DITECH FINANCIAL LLC, et al., | : | |
| Appellees, | : | CASE NO. CA2018-09-182 |
| | : | O P I N I O N |
| - vs - | | 5/28/2019 |
| | : | |
| SAMANTHA JO EBBING, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2017 08 1877

Lerner, Sampson & Rothfuss, Rick D. DeBlasis, William P. Leaman, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202, for appellee, Ditech Financial, LLC

McGlinchey Stafford, Stefanie L. Deka, Brian T. Kostura, 340 Tuttle Road, Suite 200, Cleveland, Ohio 44122, for appellee, Bank of New York Mellon

Samantha Jo Ebbing, 3800 Princeton Road, Hamilton, Ohio 45011, appellant, pro se

**S. POWELL, J.**

{¶ 1} Appellant, Samantha Jo Ebbing, appeals the decision of the Butler County Court of Common Pleas granting summary judgment to appellee, Ditech Financial, LLC ("Ditech"). For the reasons outlined below, we affirm the trial court's decision.

**Facts and Procedural History**

{¶ 2} On January 29, 2001, Jennette E. Weik executed a promissory note in favor of America's Wholesale Lender ("America's Wholesale") in the amount of $75,200. Weik executed the note in order to purchase a home located at 1001 Hayes Avenue, Hamilton, Butler County, Ohio. The note executed by Weik was endorsed in blank by America's Wholesale and secured by a mortgage on the subject property by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for America's Wholesale, its successors, and assigns.

{¶ 3} During the early months of 2017, Weik, who is now deceased, defaulted on the note, thereby triggering the acceleration clause provided therein. The record indicates the note had an unpaid balance of $53,480.94 plus interest at a rate of 6.75% as of November 1, 2016. The record also indicates that following Weik's death Ebbing became the subject property's titleholder. Ebbing remained the titleholder to the property at all times relevant.

{¶ 4} On August 3, 2017, MERS, as nominee for America's Wholesale, assigned the mortgage to Ditech. Two weeks later, on August 17, 2017, Ditech filed a complaint in foreclosure. Due to her status as the titleholder to the property, Ebbing was named as a defendant. Ditech also named as defendant, appellee, The Bank of New York Mellon fka The Bank of New York as Successor Indenture Trustee to JPMorgan Chase Bank, N.A., as Indenture Trustee for the CWABS Revolving Home Equity Loan Trust, Series 2004-E ("Bank of New York Mellon"), "by virtue of a mortgage from Jeannette E. Weik, filed for record on September 15, 2003[.]"

{¶ 5} On August 25, 2017, Bank of New York Mellon was served with Ditech's complaint via certified mail. Six days later, on September 1, 2017, Ebbing was also served with Ditech's complaint via certified mail. The certified mailing was sent to Ebbing's home

address; "3800 Princeton Road, Hamilton, OH 45011." The record indicates this is the same address that Ebbing used on all of her filings with both the trial court and this court on appeal.

{¶ 6} On September 12, 2017, Bank of New York Mellon filed an answer to Ditech's complaint. In its answer, Bank of New York Mellon acknowledged that it had an interest in the subject property resulting from the mortgage described in the complaint. Due to its status as mortgagee, there is no dispute that Bank of New York Mellon's interest in the subject property rendered it a junior lienholder to that of Ditech.

{¶ 7} On September 19, 2017, Ebbing moved the trial court to dismiss Ditech's complaint. Relying primarily on Civ.R. 12(B)(6), Ebbing argued Ditech's complaint must be dismissed because Ditech was "not the party in interest or lender" identified on the note executed by Weik and endorsed in blank by America's Wholesale. Ebbing also argued that Ditech's complaint should be dismissed because neither Ditech nor America's Wholesale provided her with "notice of demand or default[.]"

{¶ 8} On September 28, 2017, Ditech moved the trial court for leave to file an amended complaint. Ditech sought to amend the complaint to add certain necessary parties to the foreclosure action. The trial court granted Ditech's motion on October 18, 2017. Ditech filed its amended complaint later that same day. It is undisputed that Ditech's amended complaint neither changed the original causes of action nor added any additional causes of action as it relates to either Ebbing or Bank of New York Mellon.

{¶ 9} On November 22, 2017, Ebbing moved the trial court to dismiss Ditech's amended complaint. In support, Ebbing asserted the same Civ.R. 12(B)(6) arguments raised as part of her original motion to dismiss. Ebbing also moved the trial court for a more definite statement pursuant to Civ.R. 12(E). And, without any supporting authority, Ebbing further requested the trial court strike "the third-party blank indorsement" on the note.

{¶ 10} On December 13, 2017, the trial court issued a decision denying each of Ebbing's three motions. In so holding, the trial court found Ditech set forth sufficient allegations "to state a claim for foreclosure both as a holder of the note and as an assignee of the mortgage" to overcome Ebbing's Civ.R. 12(B)(6) motion to dismiss. The trial court also found that Ditech's allegations were not vague or ambiguous, thereby alleviating the need for a more definite statement as provided by Civ.R. 12(E). Finally, as it relates to Ebbing's motion to strike, the trial court found Ebbing had "provided no authority or other argument in support of the remedy she seeks and the Court can find no basis on which to strike the endorsement." The trial court's decision concludes by noting that a copy of the decision was sent to Ebbing at her home address; "3800 Princeton Road, Hamilton, OH 45011."

{¶ 11} On April 26, 2018, Ditech moved for summary judgment against both Ebbing and Bank of New York Mellon. In support of its motion, Ditech included an affidavit and several accompanying exhibits. The affidavit and exhibits provided evidence that Ditech was both the holder of the note and the assignee of the mortgage at the time both its original and amended complaints were filed. This, as Ditech alleged, entitled it to enforce the note and mortgage and foreclose on the subject property now owned by Ebbing.

{¶ 12} On May 18, 2018, Ebbing filed a memorandum in opposition to Ditech's motion for summary judgment. Rather than providing evidence establishing a genuine issue of material fact, Ebbing's memorandum merely requested the trial court deny Ditech's motion because she "was never served notice of or served" with the trial court's December 13, 2017 decision. Therefore, according to Ebbing, Ditech's motion for summary judgment should be denied because she was "unaware to give her responsive pleading."

{¶ 13} That same day, Ebbing also filed a pleading entitled "Verified Answer; Counterclaims; and, Cross-claims." The pleading set forth Ebbing's answer to Ditech's

- 4 -

amended complaint, ten affirmative defenses, and two "counterclaims" against both Ditech and Bank of New York Mellon. The "counterclaims" raised by Ebbing moved the trial court to order both parties to "cancel of record" their respective mortgages against the subject property. Ebbing also moved the trial court to order both Ditech and Bank of New York Mellon to pay her $250 in damages in accordance with R.C. 5301.36(C).[1] Ebbing attached to her pleading a 63-page affidavit and 13 additional exhibits, including several original mortgage documents executed by the now deceased Weik.

{¶ 14} On June 18, 2018, Ditech moved the trial court to strike Ebbing's pleading in accordance with Civ.R. 12(F). Pursuant to that rule, a trial court "may order stricken from any pleading an insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." In support of its motion, Ditech argued Ebbing's pleading should be stricken because it was untimely and filed without leave. Approximately three weeks later, on July 11, 2018, Ebbing moved the trial court for additional time to "serve" her answer and "counterclaims" on Ditech and Bank of New York Mellon. Ebbing's motion also requested the trial court "order the period enlarged" to allow her to file her pleading untimely.

{¶ 15} On July 13, 2018, the trial court denied Ebbing's motion for leave. In so holding, the trial court stated, in pertinent part, the following:

> [T]his case is a month shy of a year old. The Court denied Ebbing's motion to dismiss on December 13, 2017. Ebbing waited seven months to request leave to file her answer, counterclaim and cross-claim out of time. The Court notes that Ebbing was at least aware of the December 13, 2017 decision back on May 18, 2018, when she filed her pleadings, as she referenced such in her memorandum opposing summary judgment filed that same day. Yet, she still did not request leave to plead out of time until July 11, 2018. Under these circumstances, the Court cannot find excusable neglect that

---

1. Pursuant to R.C. 5301.36(C), the mortgagor may recover $250 from the mortgagee if the mortgagee fails to comply with the requirements of R.C. 5301.36(B). R.C. 5301.36(B) requires that, "within ninety days from the date of the satisfaction of a mortgage, the mortgagee shall record a release of the mortgage evidencing the fact of its satisfaction in the appropriate county recorder's office and pay any fees required for the recording."

warrants extending the pleading stage of this case beyond the one-year mark.

The trial court then concluded by noting Ebbing's pleading would be stricken from the record and "be treated as a nullity." The trial court's decision also contains a note that a copy of the decision was sent to Ebbing at her home address; "3800 Princeton Road, Hamilton, OH 45011."

{¶ 16} Later that day, the trial court issued a decision and entry granting Ditech's motion for summary judgment. The trial court issued its decision upon finding Ditech provided sufficient evidence to meet its burden establishing the essential elements necessary to prevail in a foreclosure action; namely, execution and delivery of the note and mortgage, valid recording of the mortgage, its status as the current holder of the note and assignee of the mortgage, default, and the amount then due and owing. The trial court's decision likewise contains a note that a copy of the decision was sent to Ebbing at her home address; "3800 Princeton Road, Hamilton, OH 45011."

**Appeal**

{¶ 17} Ebbing now appeals the trial court's decision granting Ditech's motion for summary judgment, raising three assignments of error for review. Prior to addressing the merits of her appeal, however, we note that Ebbing was acting pro se in the proceedings below. Ebbing also appears pro se in the proceedings before this court. While we understand that Ebbing is not an attorney, it is well-established that the law does not afford pro se litigants greater rights and they must accept the results of their own mistakes and errors. *Milton v. Pierce*, 12th Dist. Clermont No. CA2016-03-013, 2017-Ohio-330, ¶ 23; *Countrywide Home Loans, Inc. v. Reece*, 12th Dist. Warren No. CA2010-08-078, 2011-Ohio-541, ¶ 12 ("although she is appearing pro se in this appeal [appellant] is nevertheless bound by the same rules and procedures as licensed attorneys").

{¶ 18} It is also well-established that "[p]ro se litigants are expected, as attorneys are, to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with them." *Bamba v. Derkson*, 12th Dist. Warren No. CA2006-10-125, 2007-Ohio-5192, ¶ 14. And, because the burden of affirmatively demonstrating error on appeal falls squarely upon Ebbing as the appellant, we will not conjure up questions that were never squarely asked, "root out" arguments that can support her contentions, or construct full-blown claims from convoluted reasoning. *Everbank Mortg. Co. v. Sparks*, 12th Dist. Warren No. CA2011-03-021, 2012-Ohio-886, ¶ 8. This is because an appellate court is not a "performing bear" required to dance to each and every tune played on appeal. *Ebbing v. Lawhorn*, 12th Dist. Butler No. CA2011-07-125, 2012-Ohio-3200, ¶ 31.

{¶ 19} Assignment of Error No. 1:

{¶ 20} THE TRIAL COURT ERRED IN DEROGATION OF LAW IN DENYING APPELLANT'S MOTION TO DISMISS AS PLAINTIFF LACKS STANDING WITHOUT EVINCING ALL STATUTORY REQUIREMENTS PRECEDENT TO INVOKING THE JURISDICTION OF THE COURT.

{¶ 21} In her first assignment of error, Ebbing argues the trial court erred by denying her Civ.R. 12(B)(6) motion to dismiss. We disagree.

{¶ 22} Civ.R. 12(B)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Ebbing v. Stewart*, 12th Dist. Butler No. CA2016-05-085, 2016-Ohio-7645, ¶ 11, citing *Marchetti v. Blankenburg*, 12th Dist. Butler No. CA2010-09-232, 2011-Ohio-2212, ¶ 9. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of

facts entitling him [or her] to recovery." *Buckner v. Bank of N.Y.*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 13, citing *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. "A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to de novo review on appeal." *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 35 (12th Dist.).

{¶ 23} Although difficult to decipher, Ebbing essentially argues the trial court erred by denying her motion to dismiss because its decision was contrary to law and based on several incorrect factual findings. But, after a simple review of the record, we find no error in the trial court's decision. Ditech's amended complaint, just as its original complaint, contained sufficient allegations to overcome a Civ.R. 12(B)(6) motion to dismiss. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). That is certainly the case here.

{¶ 24} "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Countrywide Home Loans, Inc. v. Baker*, 10th Dist. Franklin No. 09AP-968, 2010-Ohio-1329, ¶ 8. Ditech, clearly having standing to bring a foreclosure action as both the holder of the note and assignee of the mortgage at issue, alleged sufficient facts related to each of these essential elements. Therefore, finding no error in the trial court's decision denying her Civ.R. 12(B)(6) motion to dismiss, Ebbing's first assignment of error lacks merit and is overruled.

{¶ 25} Assignment of Error No. 2:

{¶ 26} THE TRIAL COURT ERRED IN DEROGATION OF APPELLANT'S RIGHT[S] WHEN IT FILED ITS DECEMBER 13, 2017 ENTRY PRIOR TO APPELLANT BEING HEARD AND ALSO WHEN IT FAILED TO SERVE APPELLANT A COPY OF SAID ENTRY

AND NOTICE OF SAID ENTRY.[2]

{¶ 27} In her second assignment of error, Ebbing argues the trial court violated her right to due process by issuing its December 13, 2017 decision without giving her an opportunity to be heard. In support, Ebbing cites to the trial court's Loc.R. 6.02(D). Pursuant to that rule:

> Unless an extension of time is granted for good cause shown, any memorandum in opposition to a motion, or a memorandum of a co-party in support of the motion, shall be filed within twenty-one (21) days of the service of the motion and the movant shall file any reply memorandum in support of the motion within ten (10) days of the service of the last memorandum in opposition. No memorandum shall exceed fifteen (15) pages in length without leave of court. Unless oral argument is requested or ordered by the Court, a motion shall be considered submitted to the court for decision upon the expiration of said time period.

{¶ 28} This court is baffled by Ebbing's argument. It would seem that Ebbing is arguing that she was not provided with the opportunity to file a reply brief to Ditech's memorandum in opposition. But, even when taking Ebbing's claim as true, the record indicates Ditech did not file its opposing memorandum until *after* the trial court had already issued its decision; the trial court issued its decision on December 13, 2017 at 3:50 p.m., whereas Ditech fax filed its memorandum approximately two hours later at 5:41 p.m. If the trial court violated Ebbing's due process rights by issuing its decision without first giving her the opportunity to file a reply brief, the trial court also violated Ditech's right to due process by issuing its decision before Ditech filed its memorandum in opposition. Therefore, all things equal, Ebbing cannot claim any resulting prejudice.

{¶ 29} In so holding, we note that trial courts "are given great latitude in following and

2. This court has omitted the numerous internal citations contained within Ebbing's second assignment of error for ease of readability.

enforcing their own local rules." *HSBC Bank USA* v. Faulkner, 12th Dist. Butler No. CA2017-10-153, 2018-Ohio-3221, ¶ 16, citing *Dvorak v. Petronzio*, 11th Dist. Geauga No. 2007-G-2752, 2007-Ohio-4957, ¶ 30. Trial courts are also given "wide discretion" in how to control their own docket and regulate the proceedings brought before them. *Fifth Third Bank v. Meadow Park, LLC*, 12th Dist. Clinton No. CA2015-07-012, 2016-Ohio-753, ¶ 34. Therefore, given the "great latitude" and "wide discretion" afforded to the trial court in enforcing its own rules and controlling its docket, Ebbing's claim the trial court violated her right to due process lacks merit. This is undoubtably the case here when considering the arguments advanced by Ebbing were generally unsupported by either law or fact.

{¶ 30} We also find no merit to Ebbing's claim the trial court violated her right to due process by failing to "serve" her a copy of its December 13, 2017 decision. This, according to Ebbing, resulted in her being "unjustly penalized" due to the trial court's own nonfeasance and malfeasance. However, contrary to Ebbing's claim, the record indicates a copy of the trial court's decision was sent to her home address that she supplied in her initial pleadings, "3800 Princeton Road, Hamilton, OH 45011," shortly after the decision was issued. Contrary to Ebbing's claims, there is nothing in the record to indicate the trial court's decision was not *sent* to Ebbing nor is there anything in the record to indicate the trial court's decision was not *received* by Ebbing. Ebbing's claim that the trial court failed to send her a copy of its decision is based on nothing more than pure speculation. We decline to engage in such speculation here.

{¶ 31} In light of the foregoing, we find no merit to Ebbing's claim that the trial court violated her due process rights by denying her an opportunity to be heard prior to issuing its December 13, 2017 decision. The same is true regarding Ebbing's claim the trial court violated her right to due process by allegedly failing to "serve" her a copy of its December 13, 2017 decision. We instead find the trial court acted well within its authority when

navigating through Ebbing's arguments. Therefore, finding no error in the trial court's decision, Ebbing's second assignment of error also lacks merit and is overruled.

{¶ 32} Assignment of Error No. 3:

{¶ 33} THE TRIAL COURT ERRED WHEN IT FILED ENTRIES PRIOR TO APPELLANT BEING HEARD BY THE TRIAL COURT; FAILING TO SERVE APPELLANT A COPY OF SAID ENTRIES; AND ENTERING FALSE JUDGEMENT.[3]

{¶ 34} In her third assignment of error, Ebbing argues the trial court erred by denying her motion for leave to file her answer out of time. Again citing to Loc.R. 6.02(D), Ebbing argues the trial court violated her right to due process by issuing its July 13, 2018 decision denying her motion for leave without first giving her an opportunity to be heard. Ebbing also argues the trial court violated her right to due process by failing to "serve" her a copy of its decision. For the reasons outlined above in our discussion of Ebbing's second assignment of error, Ebbing's identical arguments raised herein as it relates to the trial court's July 13, 2018 decision also lack merit.

{¶ 35} Also lacking merit is Ebbing's claim the trial court entered a "false judgment" by granting Ditech's motion for summary judgment. Ebbing claims the trial court "testified falsely" and "judged falsely" when issuing its decision. But, as the record plainly reveals, Ditech satisfied its initial burden requiring it to provide evidence demonstrating the absence of a genuine issue of material fact. *See Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.). Ebbing, however, did not meet her reciprocal burden as the nonmoving party to rebut Ditech's evidence with specific facts showing the existence of a genuine triable issue. *See Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7.

---

3. This court has also omitted the numerous internal citations contained within Ebbing's third assignment of error for ease of readability.

{¶ 36} "Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial." *Franchas Holdings, LLC v. Dameron*, 12th Dist. Clermont No. CA2015-09-073, 2016-Ohio-878, ¶ 16, citing *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). Pursuant to Civ.R. 56(C), summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Such is the case here. Therefore, because there were no issues requiring a formal trial, the trial court did not err by granting Ditech's motion for summary judgment. Accordingly, finding no error in the trial court's decision, Ebbing's third assignment of error is overruled.

## Conclusion

{¶ 37} Finding no violation to Ebbing's due process rights, the trial court did not err by granting Ditech's motion for summary judgment. Ditech, having standing to bring a foreclosure action, provided sufficient evidence that established it was entitled to foreclose on the subject property as a matter of law. That is to say Ditech provided sufficient, unrefuted evidence to establish the essential elements necessary to prevail on a motion for summary judgment in a foreclosure action; namely, execution and delivery of the note and mortgage, valid recording of the mortgage, its status as the current holder of the note and assignee of the mortgage, default, and the amount then due and owing. Therefore, because the trial court did not err by granting Ditech's motion for summary judgment, the trial court's decision is affirmed.

{¶ 38} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.