[Cite as *Kemen v. Street*, 2020-Ohio-725.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CHERYL KEMEN, | : | |
| Plaintiff, | : | CASE NO. CA2018-11-222 |
| - and - | : | O P I N I O N |
| | | 3/2/2020 |
| CHRISTINE BOYKIN-JONES | : | |
| Appellee, | : | |
| - vs - | : | |
| ROY D. STREET, | : | |
| Appellant. | | |


CIVIL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2018SCI0053


Christine Boykin-Jones, 11 Pleasant Creek Court, Fairfield, Ohio 45014, pro se

Roy D. Street, 30 Calan Court, Hamilton, Ohio 45013, pro se


**RINGLAND, J.**

{¶ 1} Appellant, Roy Street, appeals the decision of the Fairfield Municipal Court granting judgment in favor of appellee, Christine Boykin-Jones.[1]  For the reasons detailed below, we affirm.

---

1. Cheryl Kemen was initially a plaintiff in this action as president of the homeowner association.  However, Kemen was subsequently dismissed from the case.

{¶ 2}   Boykin-Jones filed a complaint against Street in the Fairfield Municipal Court, Small Claims Division, relating to the installation of a driveway at her home.  A trial before the magistrate was held during which both parties presented evidence and testimony.

{¶ 3}   During trial, Boykin-Jones presented evidence that Street was hired to install a driveway at her home for $4,500 and that the work was not done in a workmanlike manner.  Boykin-Jones submitted photographs of the driveway showing various defects, as well as excessive deterioration in the short period of time since the work had been completed.  Street denied that he performed substandard work and argued that the deterioration was caused by road salt used during the winter.

{¶ 4}   After taking the matter under advisement, the magistrate issued a written decision, granting judgment in favor of Boykin-Jones in the amount of $4,500.  Street filed objections to the magistrate's decision.  The trial court overruled Street's objections and adopted the magistrate's decision.  Street now appeals, raising two assignments of error for review.

{¶ 5}   Assignment of Error No. 1:

{¶ 6}   JURISDICTION CAN NOT BE ASSUMED.  THE TRIAL COURT ERRED BY NOT PROVEN JURISDICTION ON THE RECORD.  THE COURT JOYCE A CAMPBELL JUDGE ERRED, THAT THE MAGISTRATE'S DECISION SHOULD BE ADOPTED. (sic)

{¶ 7}   In his first assignment of error, Street argues the trial court erred due to an alleged lack of jurisdiction.  Street's argument is without merit, as there was ample evidence that Street performed the work in the city of Fairfield and the Fairfield Municipal Court had subject matter over the proceedings. R.C. 1901.18 (subject matter jurisdiction).  In addition, Street was properly served with the summons and complaint and appeared on his own behalf at the trial.  There is simply no defect in jurisdiction.  Accordingly, Street's first assignment of error is overruled.

{¶ 8} Assignment of Error No. 2:

{¶ 9} APPELLANT ASK FOR RIGHT OF SUBROGATION TO BE CERTIFIED AND WAS DENIED. MAGISTRATE DENIED RIGHT OF SUBROGATION. THE FAIRFIELD MUNICIPAL COURT ERROR AND ADOPTED MAGISTRATE'S DECISION. (sic)

{¶ 10} In his second assignment of error, Street requests some right of subrogation. While we understand that Street is not an attorney, it is well established that the law does not afford pro se litigants greater rights and they must accept the results of their own mistakes and errors. *Milton v. Pierce*, 12th Dist. Clermont No. CA2016-03-013, 2017-Ohio-330, ¶ 18. An appellate court will neither construct assignments of error nor create arguments on behalf of an appellant because it is not the duty of an appellate court to raise arguments for the parties. *Dudley v. Dudley*, 12th Dist. Butler No. CA2019-01-021, 2019-Ohio-4309, ¶ 10. We will not conjure up questions that were never squarely asked or "root out" arguments to support a contention. *Ditech Fin., L.L.C. v. Ebbing*, 12th Dist. Butler No. CA2018-09-182, 2019-Ohio-2077, ¶ 18. Having reviewed the record, we can find no support for Street's contention that he is entitled to any right of subrogation. Street's appellate brief, likewise, does not allege any facts giving rise to any ascertainable right to subrogation. Accordingly, we find Street's second assignment of error is without merit, overrule it, and hereby affirm the decision of the trial court.

{¶ 11} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.