[Cite as *Morrison v. Liberty Mut. Ins. Co.*, 2022-Ohio-2458.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| KEVIN MORRISON, | : | |
| Appellant, | : | CASE NO. CA2021-12-163 |
| | : | O P I N I O N |
| - vs - | | 7/18/2022 |
| | : | |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | : | |
| | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2021 09 1386

Durden Law, L.P.A., LLC, and Aaron G. Durden, for appellant.

Andrew Scheper, for appellees, Mark and Meagan Wonderly.

Frost Brown Todd, LLC, and William M. Harter and Kaitlin L. Madigan, for appellee, Liberty Mutual Insurance Company.

**PIPER, J.**

{¶1} Appellant, Kevin Morrison, appeals the decision of the Butler County Court of Common Pleas, granting motions to dismiss in favor of appellees, Mark and Megan Wonderly ("the Wonderlys"), and Liberty Mutual Insurance Company ("Liberty").

{¶2} Morrison entered into a land installment contract with the Wonderlys for the

sale of a condominium ("Property") located on Wilbraham Road in Butler County, Ohio in November 2011. The sale price for the Property was $45,000. The terms of the sale provided for a $2,500 down payment with the balance to be paid at $408.66 per month, which included taxes and condominium fees. The land contract included provisions pertaining to insurance coverage, including who the beneficiary of the policy would be if the parties could not agree on a Condominium Contents policy:

> The Vendor agrees to keep the premises insured against fire and other hazard via payment of condominium fees and shall escrow and add the cost for any additional insurance premiums (covering contents) to the Vendee's principal and interest obligation herein if the Vendor and Vendee should agree to add such a policy.

> If Vendor and Vendee do not agree on a Condominium Contents policy, Vendor has the option to place such a policy in effect. In such a case Vendor would be responsible for all premiums and would be the beneficiary of the policy.

{¶3} There is no indication that Morrison or the Wonderlys agreed to an additional condominium contents policy. However, the record shows that the Wonderlys entered into a condominium insurance policy with Liberty, in which they were responsible for payment of the premiums. The Wonderlys were the only named insureds on the policy.

{¶4} On December 16, 2020, the Property was damaged in a fire loss. Apparently believing that he was entitled to the proceeds from the insurance loss, Morrison claims to have made a proper and timely claim pursuant to the terms of the policy between the Wonderlys and Liberty, but his claim was denied.

{¶5} On September 20, 2021, Morrison filed a complaint against the Wonderlys and Liberty. In his complaint, Morrison alleged that he was a tenant with a land contract on the Property signed in November 2011 and that the Property was subject to a fire loss. He then described the insurance policy on the Property between the Wonderlys and Liberty

and alleged that he was entitled to the insurance proceeds from the relevant policy.[1]

Morrison then alleged:

> 7. The policy of insurance was in full force and effect at the time of the loss and damage. Defendants failed to acknowledge and pay Plaintiff the amount due and owing to them under the terms of the policy.
>
> 8. Defendants had a duty to pay for any covered loss sustained for which its insured is legally entitled to collect as a result of such loss. This contractual obligation is subject only to any applicable limits which are expressly and in the insurance policy.
>
> 9. Defendants breached its duty pursuant to the insurance policy contract by failing to tender Plaintiffs the full amount of benefits available for damages caused by the covered loss.
>
> 10. Plaintiff further does not waive his rights under the policy by filing this action.
>
> 11. Upon information and belief, according to language contained in the insurance policy, Defendants insured the described property. As a result of the subject covered loss, Plaintiff sustained damages to the described property. The provisions of the insurance policy require Defendants to pay Plaintiff damages to the described property as a result of the subject covered loss in an amount in excess of Twenty Five Thousand Dollars ($25,000.00).
>
> 12. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as outlined in this complaint and the prayer for damages
>
> * * *

**Liberty's Motion to Dismiss**

{¶6} On October 20, 2021, Liberty moved to dismiss Morrison's complaint under Civ.R. 12(B)(6) for failure to state a claim that Morrison was insured under the terms of the policy. Morrison failed to file a timely response. On November 12, 2021, the trial court

---

1. In his complaint, Morrison refers to "defendants" and "defendant," seemingly interchangeably, making his allegations difficult to ascertain. He also refers to "Plaintiff" and "Plaintiffs" several times despite being the only named plaintiff. He continues to use interchangeable terms in this appeal, rendering portions of his briefs difficult to comprehend and therefore requiring additional review of the record to provide context for his arguments on appeal.

granted Liberty's motion to dismiss under Civ.R. 12(B)(6) after concluding that Morrison failed to allege that he was a party to the insurance policy, in fact noting the insurance policy affirmatively showed that he was not a party.

{¶7} On November 16, 2021, Morrison filed an untimely memorandum in opposition to Liberty's motion to dismiss. Morrison did not request leave to file his untimely memorandum in opposition. The trial court did not issue any further rulings with regard to Morrison's untimely memorandum except in a footnote contained in its final appealable order. [2]

**The Wonderlys' Motion to Dismiss**

{¶8} The Wonderlys initially answered Morrison's complaint. However, on November 22, 2021, the Wonderlys also moved to dismiss the complaint arguing that Morrison failed to maintain his own insurance coverage on the Property and that Morrison was not a named insured under the terms of their policy with Liberty. On December 8, 2021, the trial court granted the Wonderlys' motion to dismiss after Morrison, again, failed to file a timely response. The trial court noted that the insurance policy attached to the complaint showed the policy was between the Wonderlys and Liberty.[3] The trial court further noted that Morrison did not allege the existence of any contract or agreement other than the insurance policy and land sale agreement, and both failed to give rise to any theory

---

2. On November 16, 2021, Morrison filed an untimely memorandum in opposition to Liberty's motion to dismiss without requesting leave. In a footnote in the order granting the Wonderlys' dismissal, which then made the prior interlocutory judgment in favor of Liberty a final appealable order, the trial court noted that Morrison had not filed for reconsideration on the interlocutory order nor indicated that its untimely motion was for "good cause" or caused by "excusable neglect."

3. Morrison attached a copy of the land contract and a portion of the insurance policy to his complaint. The trial court noted that the Wonderlys' did append and incorporate the entire policy to their motion to dismiss. The court, however, noted that it was not considering any part of the policy that was not referenced within the complaint's averments, citing *Spalding v. Coulson*, 104 Ohio App.3d 62, 76 (8th Dist.1995), for the proposition that evidentiary materials beyond the averments in the complaint cannot be considered unless the motion to dismiss is converted into one for summary judgment, with appropriate notice, under Civ.R 56.

of liability. Specifically, the court found "[t]he land contract clearly sets forth that absent any such agreement for insurance coverage to the contrary, the Wonderlys are beneficiaries to the Liberty Mutual Policy they elected to purchase" and further concluded that dismissal was appropriate because Morrison did not allege the existence "of any other agreement whereby the Wonderlys are required to reimburse him for property loss in a fire." Accordingly, the trial court granted the Wonderlys' motion to dismiss and included Civ.R. 54(B) language certifying there was no just cause for delay.

{¶9} Shortly after the trial court had already granted the Wonderlys' motion to dismiss, Morrison filed a motion for leave to respond to the Wonderlys' motion to dismiss.[4] The next day, Morrison filed an amended motion for leave to respond to the Wonderlys' motion to dismiss. The trial court denied both motions concluding that it no longer had jurisdiction because its December 8, 2021, order was a final appealable order. Significantly, Morrison never filed a Civ.R. 60(B) relief from judgment.

**Appeal**

{¶10} Morrison now appeals from the trial court's decision dismissing this action under Civ.R. 12(B)(6), raising two assignments of error for review.

{¶11} Assignment of Error No. 1:

{¶12} THE TRIAL COURT ERRED IN GRANTING [sic] MOTION TO DISMISS BECAUSE THE PLAINTIFF FAILED TO FILE A RESPONSE WHEN THE APPELLANT WAS NOT SUFFICIENTLY SERVED UNDER THE INSUFFICIENCY OF SERVICE [sic].

{¶13} In his first assignment of error, Morrison argues the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss filed on November 22, 2021, alleging that he was not served with the motion "filed by appellee." Although he does not specify which party failed

---

4. The time stamps indicate that Morrison filed his motion for leave approximately one hour after the trial court filed its final appealable order.

to serve him with the motion to dismiss, we must assume that he is referring to the Wonderlys' motion to dismiss because it was the only one filed on that date.[5]  Because he claims to have not been served with the motion to dismiss, Morrison claims the trial court erred by granting the motion for dismissal.

**{¶14}**  Civ.R. 12(B)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  *Ebbing v. Stewart*, 12th Dist. Butler No. CA2016-05-085, 2016-Ohio-7645, ¶ 11.  "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party."  *Ditech Fin. L.L.C., v. Ebbing*, 12th Dist. Butler No. CA2018-09-182, 2019-Ohio-2077, ¶ 22.  "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him [or her] to recovery."  *Gordon v. Mt. Carmel Farms, L.L.C.*, 12th Dist. Clermont No. CA2020-09-054, 2021-Ohio-1233, ¶ 18

**{¶15}**  In this assignment of error, Morrison does not contest any aspect of the trial's decision as it relates to the merits of the Wonderlys' Civ.R. 12(B)(6) motion to dismiss.  As relevant here, the trial court granted the Wonderlys' motion to dismiss on December 8, 2021.  This constituted a final order because it disposed of all remaining issues between the parties and the trial court entered Civ. R. 54(B) language certifying there was no just cause for delay.

**{¶16}**  After the trial court granted the Wonderlys' motion to dismiss, Morrison filed

5. This is but one example of the confusion created in Morrison's brief.  By using the term "appellee" in the singular, it appears that Morrison is referring to the individual insurance party as defendant-appellee.  However, Morrison's argument about receiving the motion to dismiss filed on November 22, 2021, points to the motion filed by the Wonderlys.

two motions for leave to respond, which were out of time.[6]  In his first motion for leave, Morrison's counsel claimed that he had health issues that prevented him from responding to the motion to dismiss.  In his amended motion for leave, Morrison's counsel also stated that he never received service of the motion to dismiss.

{¶17}  The trial court denied the motions for leave stating that it no longer had jurisdiction because it had entered a final appealable order:

> The Court does not need to address the sufficiency of the mitigation offered in either of Plaintiff's motions because the Court no longer has jurisdiction to entertain briefing on the decided motion.  The order granting the motion to dismiss was a final appealable order.  "[A] trial court does not have the inherent power to modify a final judgment. *Metropolitan Bank & Trust Co. v. Roth* (9th Dist. App.), 2003-Ohio-1138, ¶ 14. Further, "trial courts lack jurisdiction to modify prior final orders absent the use of recognized methods for modifying such orders, like motions for Civ. R. 60(B) relief." *Rodefer v. Colbert* (2nd Dist. App.), 2015-Ohio-1982, ¶ 16.

Significantly, despite the trial court's reference to Civ.R. 60(B), Morrison never filed a Civ.R. 60(B) motion for relief from judgment.

{¶18}  Following review of the record, we find Morrison's first assignment of error to be without merit.  The trial court could not have been more correct when it stated  that Morrison's request for leave of court was essentially an invitation for the trial court to reconsider its final judgment entry.  It is well established that there is no rule that allows a party to move a trial court for reconsideration of a final judgment.  *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 380 (1981).  "Motions for reconsideration of a final judgment in the trial court are a nullity." *Id.* at 379.

{¶19}  Rather, "Civ.R. 60(B) provides the exclusive grounds which must be present

---

6. We also note that the Wonderlys' motion to dismiss included a certificate of service indicating that it had served its motion to dismiss "by the court's electronic notification system and/or ordinary mail" to Morrison's attorney at his business address.

and the procedure which must be followed in order for a court to vacate its own judgment."

*Combs v. Children's Med. Ctr.*, 12th Dist. Butler No. CA95-12-217, 1996 Ohio App. LEXIS 3229, at *9-10 (July 29, 1996). Under Civ.R. 60(B), a court may relieve a party or his legal representative from a final judgment for the following reasons:

> mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Absent a Civ.R. 60(B) motion, a trial court lacks the authority to reconsider a prior judgment entry or to enter a modified judgment on its own initiative. *Combs* at *10, citing *Cale Prods., Inc. v. Orrville Bronze & Aluminum Co.*, 8 Ohio App.3d 375, 378 (9th Dist.1982).

{¶20} In this case, the trial court entered its final appealable order on December 8, 2021. The trial court was thereafter unable to reconsider its final judgment. After Morrison filed his motions for leave, the trial court responded by explaining the procedural implications of its final appealable order. The trial court stated that it could not modify the order "absent the use of recognized methods for modifying such orders, like motions for Civ. R. 60(B) relief." Morrison failed to seek relief under Civ.R. 60(B), which would have been the proper avenue for relief, including for claims of mistake, inadvertence, or excusable neglect. *See Bracken v. Hunter*, 10th Dist. Franklin No. 02AP-18, 2003-Ohio-5949, ¶ 8. Accordingly, we find the trial court did not err in granting the motion to dismiss based upon Morrison's after-the-fact argument that he did not receive service of the relevant motion.

{¶21} Furthermore, because he failed to raise this issue appropriately through a

Civ.R. 60(B) motion for relief from judgment, we also conclude that it was not properly before the trial court and is therefore raised for the first time on appeal. "It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes." *BAC Home Loans Servicing, LP v. Mullins*, 12th Dist. Preble No. CA2013-12-015, 2014-Ohio-4761, ¶ 33. *See Wells Fargo Bank, N.A. v. Washington*, 12th Dist. Butler No. CA2014-10-214, 2015-Ohio-2988, ¶ 17 ("By failing to raise the issue of improper service below, appellant submitted to the trial court's jurisdiction and waived the right to raise the issue on appeal"). Accordingly, Morrison's first assignment of error is overruled.

{¶22} Assignment of Error No. 2:

{¶23} THE TRIAL COURT ERRED IN GRANTING [sic] MOTION TO DISMISS WHEN APPELLANT IS A THIRD PARTY INTENDED BENEFICIARY AS AN EQUITABLE OWENER [sic], HE IS ENTITLED TO THE FIRE INSURANCE PROCEEDS.

{¶24} In his second assignment of error, Morrison argues the trial court erred by granting the motions to dismiss, alleging that he is entitled to the insurance proceeds as equitable owner of the Property or as an intended third-party beneficiary of the insurance policy between Liberty and the Wonderlys.

{¶25} In considering Morrison's arguments on appeal, the record reveals that Morrison did not raise such arguments for the trial court's consideration. For the first time on appeal Morrison attempts to define his status as an equitable owner in the Property, and as an intended third-party beneficiary. *See* R.C. 5313.01(A) (defining a land installment contract); *Stamper v. Polley*, 4th Dist. Adams No. 19CA1088, 2020-Ohio-3709, ¶ 24-28 (explaining the doctrine of equitable conversion and the interests of the vendor and vendee). As noted above, in his complaint, Morrison simply stated that he entered into a land contract for the Property, but makes no allegation that he had an equitable interest in

the insurance proceeds from the policy which was strictly between the Wonderlys and Liberty. Furthermore, Morrison's complaint makes no claim of entitlement to the insurance proceeds as an intended beneficiary.

{¶26} Although Morrison did assert that he was an intended third-party beneficiary in his untimely memorandum in opposition to Liberty's motion to dismiss, we note not only was it filed untimely but was filed without the required leave of court. The record reveals indisputably that Morrison did not raise this issue in his complaint. He also failed to properly bring such issue before the court for consideration.

{¶27} Importantly, Ohio law contains a distinction between an intended beneficiary who has enforceable rights under a contract and an incidental beneficiary who has no enforceable rights under a contract. *Hill v. Sonitrol of Sw. Ohio, Inc.*, 36 Ohio St.3d 36 (1988); *Composite Concepts Co. v. Berkenhoff GmbH*, 12th Dist. Warren No. CA2009-11-149, 2010-Ohio-2713, ¶ 17 (courts use the "intent to benefit" test when distinguishing the different beneficiaries). While Morrison merely asserted he had an interest in the insurance proceeds, his complaint lacked any factual or legal assertion or averment supporting an interest in proceeds from a contract existing between two other parties. The trial court granted Liberty's motion to dismiss because Morrison failed to assert that he was a party to the insurance contract. Similarly, the trial court granted the Wonderlys' motion to dismiss, inter alia, because Morrison failed to allege the existence of any agreement requiring the Wonderlys to reimburse him for property loss in a fire.

{¶28} Without having properly presented these issues below, we find that Morrison's arguments have no merit because he failed to raise them in a timely and proper fashion to the trial court. Since Morrison cannot raise new issues for the first time on appeal, we find his second assignment of error is without merit as well and is hereby overruled. *BAC Home Loans Servicing*, 2014-Ohio-4761 at ¶ 33.

**{¶29}** Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.